UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ODAIR PEREIRA DOS SANTOS,

Petitioner,

v.

THOMAS BROPHY et al.,

Respondents.

---

25-CV-1425-LJV
DECISION & ORDER

The petitioner, Odair Pereira Dos Santos, commenced this action on December 19, 2025, by filing a petition for a writ of habeas corpus. Docket Item 1. In the petition, Dos Santos alleged that his detention in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), was unlawful; among other things, he requested an individualized bond hearing with the burden of proof on the government. *See generally id.* While Dos Santos's petition was pending, he received a bond hearing under 8 U.S.C. § 1226(a). Docket Item 12 at 1. At the bond hearing, however, the immigration judge put the burden on Dos Santos to prove that he was not a danger to the community or a flight risk. *See id.* at 1, 3-4.

Dos Santos then filed an amended petition, claiming that the bond hearing he received violated due process under this Court's prior decision in *Alvarez Ortiz v. Freden*, 808 F. Supp. 3d 579, 598 (W.D.N.Y. Nov. 4, 2025) (requiring burden of proof to be placed on the government at initial bond hearing under section 1226(a)). *See* Docket Item 20. The government maintained that the bond hearing Dos Santos received complied with due process. *See* Docket Item 10 at 1; Docket Item 14 at 1.

The government acknowledged this Court's decision in *Alvarez Ortiz* but urged this Court to reconsider. *See* Docket Item 14 at 1. And the government submitted a subsequent decision from another judge in this District supporting the government's position. *See* Docket Item 17 (attaching *Mahmodi v. Marich*, 2026 WL 113473, at *1 (W.D.N.Y. Jan. 15, 2026) (Vacca, J.)).

Ultimately, this Court granted the petitioner a new bond hearing and required the government to bear the burden of proving by clear and convincing evidence that Dos Santos was "a danger to the community or a flight risk." Docket Item 21. The Court explained that it had "carefully reviewed Judge Vacca's well-written and reasoned decision in *Mahmodi*, but it d[id] not change the Court's conclusion that due process requires the burden to be on the government at an initial section 1226(a) bond hearing." *Id.*

The petitioner then received a new bond hearing, at which the government had the burden of proving that Dos Santos was a danger to the community or a flight risk and the immigration judge considered alternatives to detention including Dos Santos's ability to post a bond. *See* Docket Item 22; *see also* Docket Item 28. At the conclusion of that hearing, the immigration judge released Dos Santos on a bond in the amount of $25,000. *See* Docket Items 22 and 29.

Dos Santos alleges that the government's defense of the initial bond hearing was not substantially justified, citing this Court's prior decision in *Alvarez Ortiz*, and requests attorney's fees under the Equal Access to Justice Act ("EAJA"). Docket Item 32 at 2-3.

## DISCUSSION

The EAJA "directs a court to award 'fees and other expenses' to private parties who prevail in litigation against the United States." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 155 (1990) (quoting 28 U.S.C. § 2412(d)(1)(A)). For purposes of the EAJA, civil actions "include habeas petitions 'challenging immigration detentions.'" *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 506 (S.D.N.Y. 2025) (quoting *Vacchio v. Ashcroft*, 404 F.3d 663, 672 (2d Cir. 2005)).

"The legal standard for an award of legal fees under the EAJA has four elements:" (i) "that the claimant was the prevailing party;" (ii) "that the [g]overnment's position was not substantially justified;" (iii) "that no special circumstances make an award unjust; and" (iv) "that the fee application was timely." *Lopez v. Trump*, 816 F. Supp. 3d 492, 494 (D. Vt. 2026) (Crawford, J.). "Once a party has demonstrated that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was 'substantially justified.'" *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Here, the parties do not dispute that Dos Santos, who sought and then received his release through this action, is a prevailing party—that is, he successfully sought an order that resulted in a "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001) (quoting *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)). The only dispute is whether the government's litigation position—that due process does not require the government to bear the burden of proof

at an initial bond hearing under section 1226(a)—was "substantially justified." *See Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009). In other words, the question is whether the government's position was "justified to a degree that could satisfy a reasonable person." *See id.* (quoting *Pierce*, 487 U.S. at 565).

As this Court has acknowledged, the allocation of the burden of proof at an initial bond hearing under section 1226(a) "is a very close question on which respected judges have disagreed." Docket Item 20. Indeed, two circuit courts have agreed with the government's position, *see Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018) and *Miranda v. Garland*, 34 F.4th 338, 366 (4th Cir. 2022), as have two other judges in this District, *see Mahmodi*, 2026 WL 113473, at *1 (Vacca, J.), and *Lopez v. Barr*, 458 F. Supp. 3d 171, 176 (W.D.N.Y. Apr. 29, 2020) (Sinatra, J.).

Although this Court ultimately disagreed with the government's view, a "position can be justified even though it is not correct." *Pierce*, 487 U.S. at 566 n.2. And under the circumstances here, even though its argument was unsuccessful, the government has met its burden of showing "that its litigation position was 'substantially justified.'" *Commodity Futures Trading Comm'n*, 169 F.3d at 786.

## CONCLUSION

For the foregoing reasons, Dos Santos's motion for EAJA fees, Docket Item 32, is DENIED.

SO ORDERED.

Dated: September 30, 2026
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE